**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KEREN SITA,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 26-1420 (UNA) |

**MEMORANDUM OPINION**

Plaintiff, a resident of Vermont, *see* Compl. at 4, was a student at Champlain College, *id*., "a private institution of higher education located in Vermont that receives substantial federal financial assistance through Title VI funding programs and is therefore subject to federal civil rights compliance obligations," *id*. at 5; *see id*. at 7. Plaintiff's claims arise from her enrollment as the only black student in a course called "Global Condition" in the Fall 2019 semester. *See id*. She alleges having been "subjected to differential treatment by the course instructor, including heightened scrutiny, selective enforcement of classroom policies, and repeated criticism not directed at similarly situated students," *id*., and when she complained, she allegedly "experienced escalating adverse treatment, including negative academic evaluations, increased disciplinary scrutiny, and exclusion from academic opportunities," *id*. at 6. According to her, Champlain College failed to "meaningfully investigate[]" her complaints, *id*. at 7, and the U.S. Department of Education failed to enforce "laws . . . ensuring that federally funded institutions do not engage in discriminatory practices," *id*. Plaintiff brings this action against the Department of Education under the Administrative Procedure Act ("APA") for its alleged failure "to take appropriate enforcement action to investigate, remedy, or prevent discriminatory conduct by Champlain College." *Id*. at 7-8. More, she sues Champlain College for alleged violations of Title VI of the

Civil Rights Act of 1964. *See id.* at 8-9. Among other relief, plaintiff demands an order compelling the Department of Education "to take appropriate enforcement action to ensure compliance by federally funded institutions, including Champlain College, *id.* at 12, and a declaration that Champlain College discriminated and retaliated against her, *see id.*

Under 28 U.S.C. § 1915, the Court "shall dismiss [a] case at any time if the court determines that . . . the action . . . is frivolous or malicious[, or] fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B). Having taken judicial notice of opinions and orders from other court proceedings, *see Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005); *Does I through III v. District of Columbia*, 238 F. Supp. 2d 212, 216–17 (D.D.C. 2002), the Court finds that Plaintiff has sued the Champlain College twice before and lost. *See Sita v. Champlain College*, No. 2:25-cv-0238 (D. Vt. Dec. 5, 2025) (dismissing under 28 U.S.C. § 1915(e)(2)(B) § 1983, Title VI and Title IX claims as time-barred; declining to exercise supplemental jurisdiction over and dismissing State law claims; denying leave to amend); *Sita v. Champlain College*, No. 2:24-cv-0390 (D. Vt. Feb. 13, 2025) (dismissing under 28 U.S.C. § 1915(e)(2)(B) First Amendment, Title VI and Title IX claims as time-barred; declining to exercise supplemental jurisdiction over and dismissing State law claims; denying leave to amend). It appears that, by filing the instant civil action and adding a federal government agency as a party defendant, plaintiff contrives to sue Champlain College a third time.

"A complaint that merely repeats pending or previously litigated claims may be considered abusive[.]" *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (per curiam). This Court deems the instant complaint abusive and subject to dismissal as malicious. *See, e.g., Duhart v. Carlson,* 469 F.2d 471 (10th Cir. 1972) (approving trial court's dismissal of a

complaint, prior to service of process, on the ground that the plaintiffs sought to relitigate issues already litigated); *Day v. Toner*, 530 F. App'x 118, 121 (3d Cir. 2013) (same); *Hurst v. Counselman,* 436 F. App'x 58, 61 (3d Cir. 2011) (same); *Dantzler v. U.S. Equal Employment Opportunity Comm'n*, 810 F. Supp. 2d 312, 320 (D.D.C. 2011) ("[T]he court's review of the plaintiff's current claims and his previous claims indicate that the plaintiff's current claims have all been previously litigated in the Louisiana courts and, as such, should be considered abusive.").

Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) is denied; the complaint and this civil action are dismissed; and plaintiff's motion for CM/ECF password (ECF No. 4) is denied as moot. An Order is issued separately.

2026.10.26
18:30:47 -04'00'

TREVOR N. McFADDEN
United States District Judge

DATE: October 26, 2026